IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DEVON W. BROWN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. 1:16-CV-00008-CAP |
| | ) |
| | ) |
| **CITY OF ATLANTA, Georgia,** | ) |
| **BRYANT BURNS, KELVIN WALLS,** | ) |
| **ALFRED WATKINS, GARY SMITH,** | ) |
| **RICHARD DILLON, ROBBIE** | ) |
| **SCANDRICK, GORDON CABANAW,** | ) |
| **RITCHIE NEWELL, and STANLEY** | ) |
| **REYNOLDS,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CITY DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AND INCORPORATED BRIEF IN SUPPORT

COME NOW, Defendants City of Atlanta, Bryant Burns, Kelvin Walls, Alfred Watkins, Gary Smith, Richard Dillon, Robbie Scandrick, Gordon Cabanaw[1], Ritchie Newell, and Stanley Reynolds; in their individual and official capacities (hereinafter "City Defendants"), and file City Defendants' Motion to Set Aside Entry Of Default And Incorporated Brief In Support.

### PROCEDURAL SUMMARY

Plaintiff filed suit in this court on January 4, 2016, alleging against the City

---

[1]Gordon Cabanaw is Deceased

Defendants: (1) unconstitutional search and seizure; (2) Violation of Right to Peaceably Assemble; and (3) various state law claims.  City Defendants timely filed its Motion to Dismiss Plaintiff's complaint to which Plaintiff responded by amending his complaint.  City Defendants again timely filed a motion to dismiss the now amended complaint.  This Court granted in part and denied in part City Defendants motion on August 18, 2016.  On September 20, 2016, Plaintiff filed a Motion for Clerks Entry of Default, which was subsequently entered by the Clerk of Court.  City Defendants are filing a motion for leave to file their answer out of time contemporaneously with City Defendants' Motion to Set Aside Entry Of Default And Incorporated Brief In Support.

## ARGUMENT AND CITATION OF AUTHORITY

Rule 55(C) of the Federal Rules of Civil Procedure provides that a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Pursuant to Fed. R. Civ. P. 60 (b), the Court can set aside a default because of excusable neglect.[2]  The Court has applied a flexible analysis of excusable neglect and stated that "Congress plainly contemplated that the courts would be permitted...to accept late filings caused by inadvertence,

---

[2] Fed. R. Civ. P. 60 (b)(1)

mistake, or carelessness, as well as by intervening circumstances beyond the party's control." [3]

Further, in *Walter v. Blue Cross & Blue Shield United of Wisconsin,* the Eleventh Circuit Court of Appeals identified four factors to guide courts in making that determination: "the danger of prejudice to the [other party], the length of delay and its potential impact on judicial proceeding, the reason for the delay, and whether the movant acted in good faith."[4]  While taking into account all relevant circumstances surrounding the party's omission, the absence of prejudice to the nonmoving party and the interest of efficient judicial administration are most important.[5]

In the instant case, there was a miscommunication between City Defendants' counsel and staff regarding the filing of the answer.  The Court in *Riney* found that miscommunication or clerical error constitutes excusable neglect.[6]  One of the attorneys handling the case was out of the office on medical leave after preparing the answer and forwarding it to the lead attorney for review.  Upon review of the answer, the lead attorney directed that it be filed by clerical staff.  The paralegal to

---

[3] *Pioneer Inv. Servs. Co.* v. *Brunswick,* 507 U.S. 380,113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)
[4] 181 F.3d 1198 (11th Cir. 1999)
[5] *Advanced Estimating System, Inc. v. Riney,* 77 F.3d 1322 (11th Cir. 1996)
[6] 130 F.3d 996, 999 (11th Cir.1997).

3

whom the directive was issued inadvertently failed to file the answer.[7]  The Eleventh Circuit has routinely found that these occurrences constitute excusable neglect.[8]

City Defendants also file this motion in good faith and in the interest of efficient judicial administration.  The case is still in a very early stage of litigation and discovery has not occurred.  As such, the length of delay is not excessive and provides no tactical advantage as City Defendants have always filed all previous documents in a timely fashion.  Moreover, there is no prejudice to the opposing party.

Finally, defaults of this nature are strongly disfavored because of the strong public policy implications of deciding cases on their merits.[9]  Generally, the courts have held that any doubts should ordinarily be resolved in favor of the defaulting party towards the end of securing a trial on the merits.[10]  A motion seeking relief

---

[7] Declaration of Robert N. Godfrey

[8] *Cheney v. Anchor Glass Corp.*, 71 F.3d 848 (11th Cir. 1996) (the court found excusable neglect where the circumstances of the error were obviously within counsel's control, but their non-communication and resulting inaction amounts only to an omission[ ] caused by carelessness..)

[9] *See, e.g. Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.,* 740 F.2d 1499, 1510 (11th Cir. 1984); *United Artists Corp. v. Freeman,* 605 F.2d 854, 856-57 (5th Cir. 1979); *Charlton L. Davis & Co., P.C. v. Fedder Data Center,* 556 F.2d 308 (5th Cir. 1977); *Ochoa v. Principal Mutual Insurance Company,* 144 F.R.D. 418 (N.D. Ga. 1992).

[10] *General Telephone Corp. v. General Telephone Answering Service*, 277 F.2d 919, 921 (5th Cir. 1960).

and opposing entry of default is addressed to the sound discretion of the court.[11]

## CONCLUSION

For the foregoing reasons, City Defendants request that this Court set aside the Clerk's Entry of Default based on excusable neglect.

## CERTIFICATION

Counsel for City Defendants certifies that this pleading has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted this 21st day of September, 2016.

/s/ *Tamara N. Baines*
**ROBERT N. GODFREY**
Chief Counsel
Georgia Bar No. 298550
**TAMARA N. BAINES**
Sr. Assistant City Attorney
Georgia Bar No. 032460

Attorneys for City Defendants

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303-3520
(404) 546-4115 (telephone)
(404) 546-8366 (facsimile)
tbaines@atlantaga.gov

---

[11] *McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000 (5th Cir. 1970).

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DEVON W. BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. 1:16-CV-00008-CAP |
| | ) |
| | ) |
| **CITY OF ATLANTA, Georgia,** | ) |
| **BRYANT BURNS, KELVIN WALLS,** | ) |
| **ALFRED WATKINS, GARY SMITH,** | ) |
| **RICHARD DILLON, ROBBIE** | ) |
| **SCANDRICK, GORDON CABANAW,** | ) |
| **RITCHIE NEWELL, and STANLEY** | ) |
| **REYNOLDS,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2016, I served the foregoing motion with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

By: */s/ Tamara N. Baines*
**TAMARA N. BAINES**
Sr. Assistant City Attorney
Georgia Bar No. 032460

6