# IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DEVON BROWN | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION FILE NO. |
| v | § | 1:16-CV-00008-CAP |
| | § | |
| CITY OF ATLANTA,  et al. | § | |
| Defendants. | § | |

## CITY DEFENDANTS' ANSWER TO
## PLAINTIFF'S AMENDED COMPLAINT

COME NOW Defendants City of Atlanta, Bryant Burns, Kelvin Wall, Alfred Watkins, Gary Smith, Richard Dillon, Robbie Scandrick, Gordon Cabanaw,[1] Ritchie Newell, and Stanley Reynolds ("City Defendants") and file their Answer and Affirmative Defenses in the above-captioned matter as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

City Defendants assert that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

City Defendants assert that they took no action to deprive Plaintiff of any right, privilege, freedom or immunity secured by the Constitution and laws of the

---

[1] Defendant Cabanaw is currently deceased.

United States of America, the Constitution and laws of the State of Georgia, or the Charter and Code of Ordinances of the City of Atlanta.

## THIRD AFFIRMATIVE DEFENSE

Insofar as Plaintiff has been affected by the conduct of the City Defendants, said City Defendants' actions were reasonable, proper, and necessary under the circumstances and were taken in the good faith exercise of their duties and responsibilities imposed by law.

## FOURTH AFFIRMATIVE DEFENSE

City Defendants are entitled to qualified immunity from Plaintiff's federal law claims.

## FIFTH AFFIRMATIVE DEFENSE

City Defendants are entitled to official immunity from Plaintiff's state law claims.

## SIXTH AFFIRMATIVE DEFENSE

City Defendants are not liable for punitive damages, nor are any such damages warranted in this case.

## SEVENTH AFFIRMATIVE DEFENSE

There exists no unconstitutional policy, practice or custom of the City of Atlanta that was the moving force behind the alleged constitutional violation.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed mitigate his damages.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff's own acts or failure to exercise due diligence contributed the foreseeable conduct of Defendants and to the Plaintiff's damages.

<u>TENTH AFFIRMATIVE DEFENSE</u>

As a sworn peace officer, Plaintiff knew or should have known that the conduct in which he engaged foreseeably could lead to scrutiny and investigation by authorities as to whether he was conducting a business without a license.

1.

City Defendants state that Paragraph 1 contains no factual allegations against City Defendants.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

<u>Jurisdiction and Venue</u>

2.

City Defendants state that Paragraph 2 constitutes a conclusion of law to which an admission or denial is not required.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

3.

City Defendants state that Paragraph 3 constitutes a conclusion of law to which an admission or denial is not required. To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

4.

City Defendants state that Paragraph 4 constitutes a conclusion of law to which an admission or denial is not required. To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

5.

City Defendants admit the allegations contained in the second sentence of Paragraph 5. City Defendants further state that that remainder of Paragraph 5 constitutes a conclusion of law to which an admission or denial is not required. To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

6.

City Defendants state that Paragraph 6 contains no factual allegations against City Defendants, therefore no response is required.

7.

City Defendants admit the allegations contained in Paragraph 7.

8.

City Defendants admit the allegations contained in Paragraph 8.

9.

City Defendants admit the allegations contained in Paragraph 9.

10.

City Defendants admit the allegations contained in Paragraph 10.

11.

City Defendants admit the allegations contained in Paragraph 11.

12.

City Defendants admit the allegations contained in Paragraph 12.

13.

City Defendants admit the allegations contained in Paragraph 13.

14.

City Defendants admit the allegations contained in the first sentence of Paragraph 14. City Defendants deny the allegations contained in the remainder of Paragraph 14 as Defendant Cabanaw is currently deceased.

15.

City Defendants admit the allegations contained in Paragraph 15.

16.

City Defendants admit the allegations contained in Paragraph 16.

## **Facts**

17.

City Defendants admit the allegations contained in Paragraph 17.

18.

City Defendants admit the allegations contained in Paragraph 18.

19

City Defendants state that Paragraph 19 contains a legal conclusion that requires no responses.   To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the same, they are denied.

20.

City Defendants deny the allegations contained in Paragraph 20.

21.

City Defendants deny as stated the allegations contained in Paragraph 21.

22.

City Defendants admit that several officers were investigating possible violations of the law and that they included the aforementioned City Defendants.

However, City Defendants deny that such investigation was pursuant to an unconstitutional policy, practice or custom of the City of Atlanta.

<u>The February 8, 2014 Arrest</u>

23.

City Defendants state that Paragraph 23 contains no factual allegations against City Defendants.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

24.

City Defendants state that Paragraph 24 contains no factual allegations against City Defendants.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

25.

City Defendants state that Paragraph 25 contains no factual allegations against City Defendants.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

26.

City Defendants state that Paragraph 26 contains no factual allegations against City Defendants.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

27.

City Defendants state that Paragraph 27 contains no factual allegations against City Defendants.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

28.

City Defendants state that Paragraph 28 contains no factual allegations against City Defendants.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

29.

City Defendants state that Paragraph 29 contains no factual allegations against City Defendants.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

30.

City Defendants state that Paragraph 30 contains no factual allegations against City Defendants.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

31.

City Defendants state that Paragraph 31 contains no factual allegations against City Defendants.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

32.

City Defendants admit that several City of Atlanta personnel arrived at Plaintiff's business on February 8, 2014 at approximately 4:30am but deny the remainder of Paragraph 32.

33.

City Defendants admit that Defendant Burns was the supervisory officer on the scene on February 8, 2014.

34.

City Defendants admit that Defendant Burns led the officers into Plaintiffs business on February 8, 2014.   To the extent that Plaintiff seeks to impose or

imply liability against City Defendants by asserting the allegations in the same, they are denied.

35.

City Defendants admit that they did not have a search warrant for the premises but state that none was required as it was not closed off to the public.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

36.

City Defendants admit that no exigent circumstances existed to enter into the premises but state that none was required as it was not closed off to the public.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

37.

City Defendants state that Paragraph 37 references a public document that speaks for itself.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

38.

City Defendants state that Paragraph 38 references a public document that speaks for itself.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

39.

City Defendants admit that they entered into the premises, which was not locked, on February 8, 2014 but state that the premises appeared to be a public facility open to the general public.

40.

City Defendants state that Paragraph 40 references a public document that speaks for itself.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

41.

City Defendants deny the allegations contained in Paragraph 41.

42.

City Defendants admit that they requested that an individual turn off the music.

43.

City Defendants deny as stated the allegations contained in Paragraph 43.

44.

City Defendants deny as stated the allegations contained in Paragraph 44.

45.

City Defendants admit that they requested the identity of the owner of the premises.

46.

City Defendants admit the allegations contained in Paragraph 46.

47.

City Defendants admit that Sgt. Burns requested that Plaintiff show him a copy of his business license.

48.

City Defendants state that Paragraph 48 contains no factual allegations against City Defendants, therefore, no response is required.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied

49.

City Defendants state that Paragraph 49 contains no factual allegations against City Defendants, therefore, no response is required.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

50.

City Defendants state that Paragraph 50 contains no factual allegations against City Defendants, therefore, no response is required.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

51.

City Defendants admit that they placed Plaintiff under arrest after he was unable to produce a business license to operate the premises.  The remainder of Paragraph 50 is denied.

52.

City Defendants admit that Plaintiff's firearm was confiscated incident to his lawful arrest.

53.

City Defendants admit that they did not leave the premises due to Plaintiff's violations of the law.

54.

City Defendants deny the allegations contained in Paragraph 54.

55.

City Defendants deny the allegations contained in Paragraph 55.

56.

City Defendants admit the allegations contained in Paragraph 56.

57.

City Defendants state that Paragraph 57 contains no factual allegations against City Defendants, therefore, no response is required.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

58.

City Defendants admit the allegations contained in Paragraph 58.

59.

City Defendants deny as stated the allegations contained in Paragraph 59.

60.

City Defendants state that Paragraph 60 contains no factual allegations against City Defendants, therefore, no response is required.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

61.

City Defendants state that Paragraph 61 contains a conclusion of law which requires no response.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

62.

City Defendants state that Paragraph 62 contains a conclusion of law which requires no response.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

63.

City Defendants deny as stated the allegations contained in Paragraph 63.

64.

City Defendants deny as stated the allegations contained in Paragraph 64.

65.

City Defendants state that Paragraph 65 contains no factual allegations against City Defendants, therefore, no response is required.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

66.

City Defendants state that Paragraph 66 contains no factual allegations against City Defendants, therefore, no response is required.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

<u>February 14, 2014 Internal Affairs Complaint</u>

67.

City Defendants state that Paragraph 67 contains no factual allegations against City Defendants, therefore, no response is required.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

68.

City Defendants admit the allegations contained in Paragraph 68.

69.

City Defendants state that Paragraph 69 references a public document that speaks for itself.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

70.

City Defendants admit that Defendant Reynolds opted not to provide a statement to the Office of Professional Standards.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

71.

City Defendants state that Paragraph 71 references a public document that speaks for itself.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

### May 2, 2014 Atlanta Municipal Court Order

72.

City Defendants state that Paragraph 72 references a judicial determination that speaks for itself.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

73.

City Defendants deny the allegations contained in Paragraph 73.

### August 31, 2015 Fulton County Superior Court Order

74.

City Defendants state that Paragraph 74 contains no factual allegations against City Defendants, therefore, no response is required.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

75.

City Defendants state that Paragraph 75 contains no factual allegations against City Defendants, therefore, no response is required.  To the extent that

Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

76.

City Defendants states that Paragraph 76 contains no factual allegations against City Defendants.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

**Legal Claims**

77.

City Defendants incorporate by reference their responses to the previously set forth factual allegations as if fully set forth herein.

COUNT I – UNLAWFUL SEARCH AND SEIZURE – FEDERAL LAW

(ALL DEFENDANTS)

78.

City Defendants deny the allegations contained in Paragraph 78.

79.

City Defendants deny the allegations contained in Paragraph 79.

80.

City Defendants deny the allegations contained in Paragraph 80.

81.

City Defendants deny the allegations contained in Paragraph 81.

82.

City Defendants deny the allegations contained in Paragraph 82.

83.

City Defendants deny the allegations contained in Paragraph 83.

84.

City Defendants state that Paragraph 84 contains a conclusion of law, which requires no response.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

85.

City Defendants state that Paragraph 85 contains a conclusion of law, which requires no response.  To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the allegations in the same, they are denied.

86.

City Defendants deny the allegations contained in Paragraph 86.

87.

City Defendants deny the allegations contained in Paragraph 87.

88.

City Defendants deny the allegations contained in Paragraph 88.

89.

City Defendants deny the allegations contained in Paragraph 89.

90.

City Defendants deny the allegations contained in Paragraph 90.

91.

City Defendants deny the allegations contained in Paragraph 91.

## COUNT II – UNLAWFUL SEARCH AND SEIZURE – STATE LAW
## (INDIVIDUAL DEFENDANTS ONLY)

92.

City Defendants deny the allegations contained in Paragraph 92.

93.

City Defendants deny the allegations contained in Paragraph 93.

94.

City Defendants deny the allegations contained in Paragraph 94.

95.

City Defendants deny the allegations contained in Paragraph 95.

## COUNT III – VIOLATION OF RIGHT OF PEACEABLE ASSEMBLY
## (INDIVIDUAL DEFENDANTS ONLY)

[DISMISSED BY COURT]

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (INDIVIDUAL DEFENDANTS ONLY)

102.

City Defendants deny the allegations contained in Paragraph 102.

103.

City Defendants deny the allegations contained in Paragraph 103.

104.

City Defendants deny the allegations contained in Paragraph 104.

105.

City Defendants deny the allegations contained in Paragraph 105.

**WHEREFORE,** any other allegation contained in Plaintiff's Amended Complaint, whether numbered or unnumbered, which is not specifically responded to in this Answer, is specifically denied by City Defendants.  City Defendants deny that they are liable to Plaintiff in any manner or that Plaintiff is entitled to any relief as prayed for in Paragraphs (a) through (j) of Plaintiff's prayer for relief.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint within the time allowed by law, City Defendants respectfully request:

a.      that all of Plaintiff's prayers for relief be denied;

b.      that the action against the City Defendants be dismissed;

c.      that all costs incurred by the City Defendants to defend this action be cast upon the Plaintiff; and

d.      any such other relief as the Court deems proper.

## <u>CERTIFICATION</u>

Counsel for City Defendants certifies that this pleading has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted this 21st day of September, 2016.

*/s/ Tamara N. Baines*
**ROBERT N. GODFREY**
Chief Counsel
Georgia Bar No. 298550
**TAMARA N. BAINES**
Sr. Assistant City Attorney
Georgia Bar No. 032460

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia  30303-3520
(404) 546-4115 (telephone)
(404) 546-8366 (facsimile)
tbaines@atlantaga.gov

**IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DEVON BROWN                              §
    Plaintiff,                           §
                             §        CIVIL ACTION FILE NO.
v                                        §        1:16-CV-00008-CAP
                             §
CITY OF ATLANTA,  et al.                 §

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on September 21, 2016, I electronically filed the forgoing Answer to Plaintiff's Amended Complaint with the Clerk of Court using the CM/ECF system with service on all attorneys of record electronically.

                                         */s/Tamara N. Baines*
                                         Tamara N. Baines
                                         Sr. Assistant City Attorney
                                         Georgia Bar No. 032460