IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Devon W. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | 1:16-cv-00008-CAP |
| | ) | |
| the CITY OF ATLANTA, Georgia, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(d)

Plaintiff Devon W. Brown ("Plaintiff" or "Mr. Brown") files this *Plaintiff's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(d)*, as follows.

### MOTION

Plaintiff hereby moves for the following relief:

1. An order finding that Defendant City of Atlanta (the "City") has twice failed to produce an adequate witness under Federal Rule of Civil Procedure 30(b)(6) with respect to matters properly designated in notices by Plaintiff;

2. An order foreclosing the City from presenting evidence or defenses, beyond what was provided by its designated witnesses, with respect to the two matters designated by Plaintiff's 30(b)(6) notices, namely:

    a. Whether the entry and search of Plaintiff's property, and the arrest of Plaintiff, was carried out pursuant to proper legal authority; and

    b. Whether said entry, search, and arrest, was or was not carried out pursuant to official City policy;

3. An order requiring the City to pay Plaintiff's reasonable attorneys' fees and costs associated with the two (2) attempts to take the properly noticed 30(b)(6) depositions, and with the litigation of the instant Motion, in an amount to be determined based on evidence presented to the Court;

4. An order imposing an additional monetary sanction, determined in the court's discretion, due to the serious and repeated nature of the violation.

## **BRIEF IN SUPPORT**

### I.   BACKGROUND

In this case, which involves a warrantless entry and inspection of Plaintiff's private property and Plaintiff's subsequent arrest, the City's liability,

or lack thereof, turns on two questions: (1) was the entry and search of Mr. Brown's property, and his subsequent arrest, lawful under the Fourth Amendment; and (2) if not, was the entry, search, and/or subsequent arrest the result of an unlawful City custom or policy? These are the questions required by the Supreme Court's decision in by Monnell v. Dept. of Social Svcs. of New York, 436 U.S. 658 (1978) and its progeny. Indeed, where a plaintiff seeks to hold a municipality liable for an alleged deprivation of his constitutional rights, the two things he must prove are: (1) that a city official deprived him of his constitutional rights, and (2) that the city's custom or official policy was the "moving force" behind said violation. Hoefling v. City of Miami, 811 F.3d 1271, 1279 (11th Cir. 2016), citing Monell, *et al.*; see also Rogers v. City of Atlanta, 214 F. Supp. 3d 1314, 1318 (N.D. Ga. 2016) (holding City may be held liable for officer's use of excessive force if plaintiff shows that officer's actions were driven by City custom or policy).

Therefore, pursuant Federal Rule of Evidence 30(b)(6), Plaintiff required the City to designate a witness to speak on the following two topics:

1. The City's legal justification for the entry and search of Plaintiff's property, and the arrest of Plaintiff, on February 8, 2014.

2. The policies and procedures of the City pursuant to which the entry and search of plaintiff's property was carried out, and pursuant to which Plaintiff was arrested.

*The first deposition*

The undersigned counsel first informed the City of his desire to conduct a 30(b)(6) deposition on these topics by email on March 27, 2017. (See Attachment 1). Counsel for the City did not object or indicate any lack of clarity on the topics. After some correspondence regarding scheduling, the undersigned formally served the City with the 30(b)(6) notice on April 28, 2017. [Doc. 36].

Despite the plainly worded nature of these topics, and the centrality of these topics to the case, the City designated a witness on May 3, 2017, who stated that he had not been provided the 30(b)(6) notice prior to his deposition. (Deposition of Major Darin Brent Schierbaum ("Schierbaum Dep.") at 5:14-16). The witness confirmed outright that he was "not able to speak on the first topic." (Schierbaum Dep. at 6:14-16). The witness had not reviewed any materials with respect to the entry and search of Mr. Brown's property, and Mr. Brown's arrest, other than Mr. Brown's judicial complaint. (Id. at 7:6-16).

With regard to the second topic, the witness stated that he had no knowledge of "the policies and procedures of the City pursuant to which the entry and search of Mr. Brown's property was carried out." (Id. at 15:5-9). He

4

had not reviewed the circumstances of the entry and search of the property, or Mr. Brown's arrest. (Id. at 15:22-16:2). The witness stated that he had not reviewed, and was not prepared to offer the City's position on any of the issues outlined in the Complaint. (Id. at 16:12-22). Therefore, counsel terminated the deposition.

*The second deposition*

Immediately following this failed 30(b)(6) deposition, the undersigned counsel on May 3, 2017, provided the City with a detailed e-mail setting forth its obligations under Rule 30(b)(6), requesting that the City designate a new witness, and citing recent authority setting forth the consequences for failure to do same. (Attachment 2). This was counsel's attempt to obtain the needed testimony without having to seek relief from the court. After nearly a month of repeated phone calls and emails, the City finally designated a new witness, who the undersigned deposed on May 31, 2017. [See Doc. 41].

With respect to the first topic, the May 31, 2017, witness testified that he had done "very minimal" preparation. (Deposition of Detective Edward Miles ("Miles Dep.") at 6:16-23). The witness testified that he was not prepared to speak on the circumstances of the February 8, 2014, entry. (Id. at 8:5-9).

With respect to the second topic, the witness stated that he was generally familiar the City's policies and procedures, but he was "not prepared to offer any

5

testimony as to [the] policies and procedures [under which the] particular entry and search was carried out." (Id. at 10:17-22). The witness stated that he could only testify as to "the procedures that a business has to go to in order to obtain the authorization to work with inside the City of Atlanta" (which, while having some tangential relevance to this case, was not a topic in the 30(b)(6) notice), but he had not been directed to prepare to testify about anything beyond that, and had not reviewed any materials regarding the entry onto Mr. Brown's property. (Id. at 10:23-11:9).

In short, each witness was totally unprepared and totally unable to speak on the City's behalf regarding the questions in the 30(b)(6) notice.

## II.   ARGUMENT AND CITATION TO AUTHORITY

Rule 30(b)(6) of the Federal Rules of Civil Procedure requires that, when a party notifies an organizational party, with reasonable particularity, of matters for examination, "[t]he named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." "The persons designated must testify about information known or reasonably available to the organization." Id. The organization's "duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee is personally

6

involved. The [organization] must prepare the designee to the extent matters are reasonably available, whether from documents, past employees or other sources." Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir.2006) (internal quotation marks and citations omitted). An organization has an affirmative duty to prepare its designees, "so that they may give complete, knowledgeable and binding answers on behalf of the corporation." Marker v. Union Fid. Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C.1989). "If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute." Brazos River Auth., 469 F.3d at 433.

  Rule 37(d)(1)(A)(i) allows the Court to impose sanctions if a 30(b)(6) witness fails to appear for a deposition. See Fed.R.Civ.P. 37(d)(1)(A)(i). If a 30(b)(6) witness "is not knowledgeable about relevant facts, and the [organization] has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." Resolution Trust Corp. v. S. Union Co., 985 F.2d 196, 197 (5th Cir.1993); see also Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 304 (3d Cir.2000) ("When a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable [as a nonappearance]

under Rule 37(d)" of the Federal Rules of Civil Procedure.); The Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 151 (S.D.N.Y.1997) ("'Producing an unprepared witness is tantamount to a failure to appear.'") (quoting United States v. Taylor, 166 F.R.D. 356, 363 (M.D.N.C.1996)).

Notably, Rule 37(b) does not require a party to file a motion to compel before seeking sanctions for a failure to produce an adequate 30(b)(6) witness. In re Brican Am. LLC Equip. Lease Litig., No. 10-MD-02183, 2013 WL 5519969, at *5 (S.D. Fla. Oct. 1, 2013), aff'd sub nom. In re: Brican Am. LLC, No. 10-MD-02183-PAS, 2013 WL 12092311 (S.D. Fla. Nov. 15, 2013). That is especially relevant here, where counsel attempted to give the City a second chance to produce a witness, rather than seek the Court's involvement.

Permissible sanctions for failing to designate a witness knowledgeable about Rule 30(b)(6) categories include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." See Fed.R.Civ.P. 37(b)(2)(A)(ii). "When the 30(b)(6) representative claims ignorance of a subject during the deposition, courts have precluded the corporation from later introducing evidence on that subject." Function Media, LLC. v. Google, Inc., No. 2:07–CV–279–CE, 2010 WL 276093, *1 (E.D.Tex. Jan.15, 2010); see also Wilson v. Lakner, 228 F.R.D. 524, 529–30 (D.Md.2005) ("... depending on the nature and extent of the obfuscation, the

testimony given by the non-responsive deponent (e.g. 'I don't know') may be deemed 'binding on the corporation' so as to prohibit it from offering contrary evidence at trial") (citations omitted); Rainey v. Am. Forest & Paper Ass'n, Inc., 26 F.Supp.2d 82, 94 (D.D.C.1998) ("Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition.").

Under Rule 37(d)(3), a party who does not designate an appropriate 30(b)(6) witness may be required by the court "to pay the reasonable expenses, including attorney's fees, caused by the failure." Reasonable sanctions include attorneys' fees and costs associated with conducting the failed 30(b)(6) deposition(s), and preparing the motion for sanctions. See Great Am. Ins. Co. of New York v. Vegas Const. Co., 251 F.R.D. 534, 543–44 (D. Nev. 2008) (requiring Defendant to pay "reasonable costs and attorney's fees incurred in preparing for and taking the deposition of [the defective] Rule 30(b)(6) designee, and reasonable costs and attorney's fees incurred in filing the motion to compel and reply"); Myrdal v. D.C., 248 F.R.D. 315, 318 (D.D.C. 2008) (awarding "attorneys' fees and costs in preparing for and taking the Rule 30(b)(6) deposition and in bringing the instant motion.").

In another case involving a municipal defendant and the Fourth Amendment, the U.S. District Court for the District of Columbia, in Myrdal v. D.C., 248 F.R.D. 315, 317 (D.D.C. 2008), sanctioned the District of Columbia for failing to produce an appropriate 30(b)(6) witness as to the district's policies regarding searches of employee's personal effects.

In a recent case, Judge Duffey entered sanctions under similar, but in some ways less egregious, circumstances. Strategic Decisions, LLC v. Martin Luther King, Jr. Ctr. for Nonviolent Soc. Change, Inc., No. 1:13-CV-2510-WSD, 2015 WL 2091714, at *6–7 (N.D. Ga. May 5, 2015). In Strategic Decisions, as in this case, the plaintiff served the organizational defendant with a 30(b)(6) notice containing "specific, simply stated and straight-forward" topics. Id. at *7. The defendant produced a witness who, at her deposition, stated that she had reviewed no documents and interviewed no witnesses to prepare to address the topics, and was generally unfamiliar with the items about which she was designated to testify. Id. at *8. Because of the witness' lack of preparation, the court precluded the defendant from offering evidence on the topics on which it failed to designate an appropriate witness. Id. at *9-10.

This case is even more severe than Strategic Decisions in that, here, the City was only asked to designate a witness to speak on two (2) topics, each of them central to the ultimate issue in the case, whereas in Strategic Decisions,

there were seventeen (17) topics noticed, thereby adding a layer of complexity not present here. This case is also far more severe in that Plaintiff gave the City a second chance, providing the City with a detailed explanation of the problems presented by its first 30(b)(6) witness, discussing the potential consequences of failing to present an appropriate witness (indeed, citing the Strategic Decisions case), and allowing nearly a full month for the City to designate and prepare a second witness. (See Attachment 2). That the City would, after all that, still fail to produce an appropriate witness, is inexcusable.

    Indeed, there have been cases where part of the sanction ordered by the court was to require the offending party to produce a second witness where the first witness was not prepared. See In re Brican Am. LLC Equip. Lease Litig., No. 10-MD-02183, 2013 WL 5519969, at *14 (S.D. Fla. Oct. 1, 2013), Myrdal, 248 F.R.D. at 318. However, in this case, the City has already been given a second chance, and it squandered the opportunity to present a prepared and competent witness; therefore, a "third chance" is not appropriate. Here, the Plaintiff was extraordinarily patient with the City, providing detailed correspondence explaining the City's obligations under 30(b)(6) and the failure to comply, and then providing the City nearly a month to designate a second witness.

    Finally, courts have allowed parties to supplement their pleadings setting forth the amount of fees and expenses associated with the sanctions after the

11

court has ruled on the substance of the motion. See In re Brican Am. LLC Equip. Lease Litig., No. 10-MD-02183, 2013 WL 5519969, at *14 (finding that attorneys fees and costs associated with failed depositions, and briefing of sanctions motion were warranted, allowing parties to confer as to proper amount and seek court order if parties could not agree); In re Vitamins Antitrust Litig., 216 F.R.D. 168, 169 (D.D.C. 2003) (after finding that attorneys' fees were warranting requiring plaintiff's counsel to "produce competent proof of such expenses and fees in a timely fashion.")

### III. CONCLUSION

Based on the arguments set forth herein, and in the interests of justice, Plaintiff prays that the instant Motion be GRANTED. Plaintiff requests permission to supplement the record with evidence of fees and costs if the Court rules in his favor.

Respectfully submitted, this August 7, 2017.

/s/ James Radford
James Radford
Georgia Bar No. 108007
james@decaturlegal.com

**RADFORD & KEEBAUGH, LLC**
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0300

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing pleading using the CM/ECF system, which should send a notification of such filing to all counsel of record, on August 7, 2017.

/s/ James Radford
JAMES RADFORD
Georgia Bar No. 108007